█ HENRY JANKOWSKI, Individually and as Administrator of the Estate of KENNETH JANKOWSKI, Deceased, Respondent, v. RICHARD H. ARTUS, Defendant, and PAULINE W. ARTUS, Appellant.— In a negligence action by a father, individually and as administrator of his infant son (the intestate) to recover damages for the latter's wrongful death and conscious pain and suffering, and to recover damages for the father's loss of services and medical expenses, the defendant Pauline W. Artus appeals from an order of the Supreme Court, Queens County, dated February 13, 1962, which denied her motion to dismiss the complaint for lack of prosecution (Rules Civ. Prac., rule 156). Order reversed, without costs, and motion remitted to the Special Term, for further proceedings not inconsistent herewith. It appears that after joinder of issue there was a delay of 25 months before plaintiff placed the action on the Trial Calendar. No explanation for this inordinate delay in prosecution is contained in the record before us. In the absence of an adequate explanation the complaint would ordinarily have to be dismissed for lack of prosecution. Under the circumstances here, however, the motion is remitted to Special Term to afford plaintiff an opportunity to submit additional affidavits setting forth facts which may explain the delay in prosecution. But unless such additional affidavits be submitted by plaintiff within 10 days after service of a copy of the order entered hereon upon his attorneys and unless the facts recited in such affidavits justify the delay, the motion should be granted and the complaint dismissed. Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.